OPINION
The defendant, Jessie Thompson, was tried in the First District Court of Montgomery County for permitting drug abuse in violation of R.C. 2925.13(B). He was found guilty of the charge, and from the judgment and sentence thereupon entered in the trial court, Thompson has filed a notice of appeal to this court.
The applicable statute, R.C. 2925.13(B), provides as follows:
 No person who is the owner, lessee, or occupant, or who has custody, control, or supervision, of premises or real estate, including vacant land, shall knowingly permit the premises or real estate, including vacant land, to be used for the commission of a felony drug abuse offense by another person.
In the present case, the facts disclose that Mr. Thompson was the owner of a residence located at 269 Lensdale Avenue in Trotwood, Ohio where the police executed a search warrant on May 1, 1998. Several people were inside the residence during the search, including Thompson, who was in the living room.
The search produced a number of incriminating items from throughout the residence. Among other things, in a trash can in the rear bedroom the officers found a "glass straight shooter" which tested positive for crack cocaine. At about the same time, a brown bag with copper mesh was removed from the pants pocket of an individual occupying the rear bedroom.
Additionally, the police officers found a chrome-tooth crack pipe on the utility-room floor, which tested positive for crack cocaine. Another chrome crack pipe, a straight shooter tube, and a piece of wire, were found in a brown coat on the front living room floor. A bag of marijuana was also found by the officers behind the couch in the living room.
In further execution of the search warrant, the officers also recovered a bag of marijuana from one of the individuals at the house. And a crack pipe, which tested positive for crack cocaine, was found in the sock of another occupant of Mr. Thompson's residence.
In the present appeal, Mr. Thompson's only assignment of error has been framed as follows:
 JESSIE THOMPSON'S CONVICTION OF PERMITTING DRUG ABUSE IS BASED UPON INSUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In support of the alleged error, Mr. Thompson argues that there was no evidence that the State met its burden to prove that he "knowingly" permitted others to use his residence to commit a felony drug abuse offense, but he candidly admits that there were many people at his house that night and that many of them had drugs on them. Furthermore, the record reveals that the officers discovered drugs and drug paraphernalia at various places inside the residence.
In fact, a perusal of the record illustrates with considerable clarity that Mr. Thompson's alleged error ignores the embarrassing and telltale setting in which he found himself when the uninvited officers arrived upon the scene. As observed inState v. Jenks (1991), 61 Ohio St.3d 259, 272, "circumstantial evidence and direct evidence inherently possess the same probative value," and the circumstantial evidence presented in this case might well be described as impressive if not overwhelming. In other words, it would be downright insulting to Mr. Thompson to find that he didn't have some idea and knowledge of what was going on around him.
Accordingly, the alleged error is overruled, and the judgment will be affirmed.
GRADY, P.J., and WOLFF, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).